|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

BARRON EDWARDS,

    Petitioner,

v.

M. E. SPEARMAN, Warden,

    Respondent.

Case No. 18-cv-05667-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] On September 17, 2018, Petitioner, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also filed a "Stay and Abeyance Motion." Dkt. 2.

On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. Dkt. 3. The Clerk also sent Petitioner a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.

On October 4, 2018, the Clerk's notice came back undeliverable because Petitioner's address did not include his CDC number, and thus prison staff could not locate him. Dkt. 5.

As mentioned above, this matter was then reassigned to the undersigned judge. Dkts. 6, 7.

On November 9, 2018, the Clerk sent a second notice to Petitioner (using the correct CDC number) and informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. Dkt. 8. The Clerk further informed him that his failure to pay the fee or return the completed application within twenty-eight days would result in dismissal of this action.

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

More than twenty-eight days have passed and Petitioner has not paid the filing fee, returned the *in forma pauperis* application or otherwise communicated with the Court. Furthermore, the record shows that the Clerk's second notice was not returned as undeliverable. Thus, the Court assumes that Petitioner received the Clerk's second notice.

IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE. The Clerk shall terminate all pending motions, including his "Stay and Abeyance Motion" (dkt. 2), and close the file.

This Order terminates Docket No. 2.

IT IS SO ORDERED.

Dated: February 25, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge